**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

SARAH GUY,

       Plaintiff,

v.                  CASE NO. 07-15320

CLARICE STOVALL, L. SCHUHMACHER,
ROBIN COLE, SERGEANT GODFREY,
and CORRECTIONS OFFICER LYONS,

       Defendants.
                  /

**ORDER OF DISMISSAL**

**I. INTRODUCTION**

Plaintiff Sarah Guy is a state prisoner at the Robert Scott Correctional Facility (SCF) in Plymouth, Michigan. Currently pending before the court is Plaintiff's *pro se* civil rights complaint under 42 U.S.C. § 1983. Defendants are the following employees of the Michigan Department of Corrections at SCF: Warden Clarice Stovall, Assistant Warden L. Schuhmacher, Assistant Deputy Warden of Security Robin Cole, Sergeant Godfrey and Correctional Officer Lyons.

Plaintiff alleges that she has irritable bowel syndrome, which is characterized by an uncontrollable urge to defecate and other symptoms. Plaintiff further alleges that, on April 13, 2007, while she was confined in the segregation yard at SCF, she was refused permission to exit the yard to use the restroom. The reason given was that defendant Godfrey was not available to escort Plaintiff inside. Approximately ten minutes later, Plaintiff defecated on herself. She alleges that she was humiliated and punished for the

incident. She claims that she had a medical emergency, which made it necessary to shorten her "yard time," and that an operating procedure at SCF does not require a sergeant to escort prisoners to and from the yard.

Plaintiff sues defendants in their personal and official capacities for money damages. She also wants the defendants to expunge the disciplinary matter from her file and to restore any disciplinary time that she may have forfeited as a result of the incident.

## II. STANDARD OF REVIEW

To successfully establish a *prima facie* case under § 1983, a civil rights plaintiff must prove that the defendants acted under color of law and deprived the plaintiff of rights secured by federal law. *Block v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). When, as here, a prisoner has been granted leave to proceed without prepayment of the filing fee for an action, his or her civil rights complaint against a governmental entity, officer, or employee may be dismissed in whole or in part if it (1) is frivolous, malicious, or fails to state a claim for which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

While a complaint need not contain "detailed factual allegations," a plaintiff's obligation to allege grounds entitling him or her to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, __ U.S. __, __, 127 S. Ct. 1955, 1964-65 (2007).

2

"Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . . ." *Id.* at 1965 (citations and footnote omitted).

### III.  DISCUSSION

Plaintiff's complaint is frivolous and fails to state a claim because the alleged violation of a prison operating procedure is not a basis for relief in an action under § 1983.  See Harrill v. Blount County, Tenn., 55 F.3d 1123, 1125 (6th Cir. 1995) (stating that "[t]he violation of a right created and recognized only under state law is not actionable under § 1983"); *Sweeton v. Brown,* 27 F.3d 1162, 1165 (6th Cir. 1994) (*en banc*) (explaining that state parole officials are not required to follow their own procedural statutes and regulations as a matter of federal due process).  Although injury based on embarrassment and humiliation can be actionable under § 1983, *Shamaeizadeh v. Cunigan*, 338 F.3d 535, 546 (6th Cir. 2003); *Mattox v. Forest Park*, 183 F.3d 515, 521 (6th Cir. 1999), cases in which allegations of embarrassment and humiliation survived summary dismissal differ considerably from this case.

> In *Bloch* [*v. Ribar*, 156 F.3d 673 (6th Cir. 1998)], the defendant police officer responded to the victim's criticism of his investigation into her rape by revealing to the media extremely intimate and humiliating details about the crime, some of which the victim had not even revealed to her husband. In *Barrett* [*v. Harrington*, 130 F.3d 246 (6th Cir. 1997)], a judge issued press statements that falsely accused a lawyer of stalking her, in retaliation for criticisms the lawyer had made of her.

*Mattox*, 183 F.3d at 521.  The court does not doubt that Plaintiff was embarrassed by the incident in the prison yard.  On the other hand, she has not alleged that anyone observed her predicament or that the incident was made known to the prison population or publicized in some way.

3

The primary focus of Plaintiff's complaint is the disciplinary proceeding that resulted from the incident in dispute. A claim for money damages, which is based on allegations that necessarily imply the invalidity of punishment imposed, is not cognizable under § 1983. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997). If Plaintiff was forced to forfeit disciplinary credits, as she implies, her claims would be more appropriate in a habeas corpus petition, following exhaustion of state remedies. *Preiser v. Rodriguez*, 411 U.S. 475, 499 & 499 n. 14 (1973). Plaintiff has no right to relief in a civil rights action unless and until her prison misconduct is invalidated by state officials or impugned in a federal habeas corpus action. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). *Heck* and other Supreme Courts cases, when taken together, indicate that a prisoner's civil rights action is barred (absent prior invalidation), regardless of the relief sought (damages or equitable relief) or the target of the prisoner's suit (conduct leading to conviction or internal prison proceedings), "*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (emphasis in original). Plaintiff has not alleged or shown that prison disciplinary proceedings were invalidated by state officials or impugned on federal habeas corpus review. Therefore, she has no right to relief.

## IV. CONCLUSION

The complaint lacks an arguable basis under law and, therefore, is frivolous under 28 U.S.C. §§ 1915(e)(2) and 1915A. Accordingly, this action is DISMISSED with prejudice.

For the reasons stated in this order, the court finds an appeal in this case would be frivolous and not taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United*

*States*, 369 U.S. 438, 445 (1962); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997). Therefore, Plaintiff is not certified to pursue an appeal from this judgment *in forma pauperis*. 28 U.S.C. § 1915(a)(3). Nevertheless, should Plaintiff decide to file a notice of appeal, she may seek leave from the Court of Appeals to proceed on appeal *in forma pauperis*. *See* Fed. R. Civ. P. 24(a)(5).

    S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: December 28, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, December 28, 2007, by electronic and/or ordinary mail.

    S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522